**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| WARREN MILLER, | : |
|         Petitioner, | : Civil Action No. 06-6116 (JBS) |
|         v. | : **O P I N I O N** |
| RONALD CATHEL, et al., | : |
|         Respondents. | : |

**APPEARANCES:**

Warren Miller, Pro Se
New Jersey State Prison
#408547/48971B
P.O. Box 861
Trenton, NJ 08625-0861

Jack J. Lipari,
    Assistant County Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Boulevard
P.O. Box 2002
Mays Landing, NJ  08330
    Attorney for Respondents

**SIMANDLE**, District Judge:

      Petitioner Warren Miller, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a motion to stay his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, to allow him to return to state court to exhaust his state court remedies.  The respondents are Administrator Ronald Cathel and the New Jersey Attorney General.

For the reasons stated herein, the motion for a stay, must be itself stayed, pending more information from the parties.

## BACKGROUND

Petitioner sets forth the procedural history of his case. In relevant part, Petitioner states that on March 23, 2000, in the Superior Court of New Jersey, Atlantic County, he was found guilty of aggravated manslaughter and other charges. On April 14, 2000, he was sentenced to a life sentence with a sixty-three year, nine month period of parole ineligibility. On March 27, 2002, the Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the convictions but remanded to the sentencing court on the parole ineligibility issue. Petitioner does not state that he filed a petition for certification to the New Jersey Supreme Court on direct appeal.

In September of 2002, Petitioner filed a pro se petition for post-conviction relief ("PCR") in state court. The Public Defender's Office eventually filed a brief on behalf of Petitioner. On December 3, 2004, Petitioner's PCR petition was denied, as was his request for an evidentiary hearing on the petition. The denial was affirmed by the Appellate Division on April 26, 2006, and on August 7, 2006, the New Jersey Supreme Court denied certification.

Petitioner dated, and thus filed, the instant "Notice of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2254," on November 19, 2006.[1]  The problem with the petition is that it states no claims.  Under Ground 1, Petitioner notes his knowledge of the exhaustion and procedural default doctrines.  He requests that this Court "take the greatest consideration in deciding this petition in the interest of justice."

In Ground 2, Petitioner states that he "will demonstrate by clear and convincing evidence that there w[ere] instances, and conclusions were reached by different State-Courts that made the factual record irreconcilable; thereby rendering the decisions contrary to clearly established federal law and renders the record totally unreliable and unreasonable."  Petitioner asks this Court to "take Judicial Notice of this fact and . . . support same in petitioner's forth coming [sic] Traverse in

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine from the face of the petition the exact date that Petitioner handed his petition to prison officials for mailing, Petitioner dated, and presumably signed, the petition on November 19, 2006.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that November 19, 2006, rather than December 20, 2006 (the date the petition was received in the Clerk's office), was the date this petition was filed for purposes of calculating the timeliness of the petition.

support of petitioner's herewith Notice of Petition for a Writ of Habeas Corpus."

Petitioner submitted, as an attachment to his "Notice," a proposed order in which the Court grants a request for counsel, grants permission to proceed in forma pauperis, and grants his request that his "petition for habeas corpus . . . be held in abeyance until his second petition for post-conviction relief is heard."

This Court issued Petitioner a notice pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), on January 8, 2007.  On January 24, 2007, Petitioner responded by letter to the Mason order, stating that he "would like to dismiss his petition without prejudice, stay and hold it in abeyance."  Petitioner further noted that he had "issues to present in state court that [he] must exhaust."

On February 26, 2007, this Court ordered the Clerk of the Court to serve Respondents, and directed Respondents to address Petitioner's request for a stay.

On March 9, 2007, Respondents, through counsel, submitted a letter in response to Petitioner's request for a stay, opposing the stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Respondents argued that:

> It is not entirely clear to the State what further claims the defendant wishes to present in state court. It would appear from reviewing the [Petitioner's] pending habeas petition that he hopes to be able to

4

> demonstrate in the federal court that the state court made certain unsupported factual conclusions. He fails, however, [] either in his petition or his motion to stay, to identify any arguably erroneous state court factual finding.
>
> Moreover, the petitioner has failed to demonstrate good cause for any failure to exhaust a state claim.

(Docket entry 6).

By letter dated May 30, 2007, and filed by the Court on July 2, 2007, Petitioner asked for consideration of his motion to stay. Petitioner argues that he found a meritorious issue by reviewing transcripts that his state court attorneys overlooked. Citing State v. Russell, 384 N.J. Super. 586, 589 (App. Div. 2006), Petitioner noted that the state's witness at his trial testified in "prison garb." Petitioner states that he "hope[s] that [the Court] will let me exhaust this issue before I proceed to Federal Court . . . ." (Docket entry 8).

Respondents have not responded to Petitioner's latest letter.

## DISCUSSION

### A. Exhaustion

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v.

Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").[2]

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if

---

[2] Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same.  Id. at 277.

Moreover, the exhaustion doctrine is a "total" exhaustion rule.  That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]."  Lundy, 455 U.S. at 522.

## B. Statute of Limitations Issues for Mixed Petitions

At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[3] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be

---

[3] See 28 U.S.C. § 2244(d).

made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.[4]  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the

---

[4] Applying the statute of limitations for habeas cases pursuant to 28 U.S.C. § 2244(d)(1), in this case, Petitioner's filing of his "Notice of Petition for a Writ of Habeas Corpus" is timely.

Petitioner's direct review of his conviction became final on or about April 16, 2002, the last date on which Petitioner could have filed a petition for certification to the New Jersey Supreme Court for review of the Appellate Division decision affirming his conviction.  See N.J. Ct. R. 2:12-3(a)(Petitioner has 20 days after entry of Appellate Division decision to file petition for certification).  In September of 2002, Petitioner filed his PCR petition, which, if properly filed, would toll his federal habeas limitations period during its pendency.  See 28 U.S.C. § 2244(d)(2).  According to Petitioner, the PCR petition remained pending until August 7, 2006, when the New Jersey Supreme Court denied certification.

As this habeas petition is deemed filed on November 19, 2006, it is timely.  Petitioner expended 137 days of his limitations period from April 16, 2002 (when he could have filed his petition of certification on direct appeal) to September 1, 2002 (when, giving Petitioner the benefit of the doubt, Petitioner filed his PCR motion).  He also expended 104 days of his limitations period from August 7, 2006 (when the New Jersey Supreme Court denied certification on his PCR motion) to November 19, 2006 (when this habeas petition was filed).

timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

A year later, with its decision in Rhines v. Weber, the Supreme Court somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
>   On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of

9

limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278; see also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

**C.     Petitioner's Motion and Need for More Information.**

Here, Petitioner has requested that this Court stay this habeas proceeding pending his exhaustion of unexhausted claims. However, Petitioner does not assert any claims in his "Notice of Petition."  It is apparent to this Court that Petitioner sought to file this "Notice" to adhere to the one-year habeas limitations period and ensure that a future habeas petition would be rendered timely.

It would be impossible for this Court to determine if Petitioner has established "good cause" for failure to exhaust claims that have not yet been asserted.  Nor has Petitioner submitted any evidence of "good cause" in general.

The Court finds, however, that it would be injudicious to deny the motion to stay and dismiss the petition at this point, thereby barring Petitioner from federal review.  Petitioner's

intentions in filing the "Notice of Petition" for habeas relief were good, in that he recognized the existence of the limitations period and attempted to adhere to it.  The Court further notes that it is well-established that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

     Thus, in light of the fact that Petitioner is pro se, and in light of the fact that Petitioner attempted, although inartfully, to adhere to the one-year limitations period, the Court will issue an Order with this Opinion directing as follows.  The Court will order the Clerk of the Court to send Petitioner a blank form habeas petition.  Petitioner will be directed to complete the blank form habeas petition, asserting all his claims, whether exhausted or unexhausted.  Petitioner will be required to use this form to inform the Court as to which of his claims are exhausted, and which are unexhausted.  If Petitioner still wishes to have his petition stayed and held in abeyance until exhaustion in state court of his unexhausted claims, he will inform the

Court of his "good cause" for failing to exhaust his claims first in the state court, and demonstrate that his unexhausted claims are potentially meritorious, in accordance with <u>Rhines</u>, all within 60 days of the entry of the accompanying Order. Respondents will have the opportunity to respond to Petitioner's submissions within 30 days of receipt, and Petitioner will have the opportunity to reply to Respondents' response within 30 days thereafter.

Once all information is received from the parties, this Court will promptly decide the motion to stay.

## CONCLUSION

For the reasons set forth above, the motion for a stay will itself be stayed pending further information from the parties. An appropriate order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **September 6, 2007**