IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN MILLER, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 06-6116 (JBS) |
| RONALD CATHEL, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

Warren Miller, Petitioner pro se
408547/48971B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

James F. Smith, Esq.
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, New Jersey 08330
        Attorney for Respondent Ronald Cathel

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

    Warren Miller, a state prisoner confined at East Jersey

State Prison, has submitted a second amended petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. Second Amended

Petition, Docket Entry 21. Respondent Ronald Cathel opposes the

petition on the grounds that Petitioner failed to exhaust the

available remedies in state court and procedurally defaulted on

certain claims. Answer, Docket Entries 24 and 25. For the reasons stated herein, the petition shall be denied and no certificate of appealability shall issue.

## II.  BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court, Appellate Division in its opinion denying Petitioner's second post-conviction relief ("PCR") appeal:

> On April 21, 1998, Theresa Newton, a friend of defendant, was assaulted in her home. The assault occurred as a result of a drug-related dispute. After the assault, Alvin Jones visited Newton and offered to sell her some Percocets for her pain. Jones gave Newton two Percocets for $2 each, but Newton did not pay. Instead, she asked Jones to come back later for the money; Jones agreed and left.
>
> Shortly thereafter, defendant arrived at Newton's home. When he saw that Newton had been assaulted, defendant became angry and upset. While defendant was there, Jones returned, but defendant told Jones "to come back later, it's not a good time, come back." Jones and defendant then argued at which time defendant stabbed Jones in the chest. Jones ran away and later died from his wounds. Keith Burke, the brother of Newton's boyfriend, was present at Newton's home throughout this entire incident.
>
> After the fight, defendant asked Newton, the owner of the knife, to hide the knife for him, which she did. The next day, two men came to Newton's home, asked where the knife was, and told her to "get rid of it." Newton told them "you get rid of it, I'm not," but they left the knife there. Newton then took the knife to the house of her friend, Renee Elam, and hid the knife in Elam's

bedroom closet; Elam was not home at the time. Newton went back to Elam's home a week later to retrieve the knife, but it was not there. Apparently, Elam had found the knife in the closet while she was cleaning and threw it in a dumpster.

Newton, Burke, and at least one other person, Kathy Keyes, each identified defendant's picture, displayed in a photographic array, as the person who stabbed Jones. While another witness, Carolyn Williams, could not identify defendant in the photo array, she witnessed the altercation and identified defendant as the person who stabbed Jones.

*State v. Miller*, No. A-6015-08, 2011 WL 5299607, at *3-4 (N.J. Super. Ct. App. Div. Nov. 7, 2011); Re 16.[1]

An Atlantic County Grand Jury indicted Petitioner for first-degree murder, N.J. STAT. ANN. § 2C:11-3(a)(1)-(2) (Count One); third-degree possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(d) (Count Two); fourth-degree unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(d) (Count Three); and third-degree hindering apprehension, N.J. STAT. ANN. § 2C:29-3(b)(1), (Count Four). *State v. Miller*, No. A-5279-99, slip op. at 1-2 (N.J. Sup. Ct. App. Div. Mar. 27, 2002); Re 3.

Petitioner proceeded to trial before a jury beginning on March 14, 2000. 1T.[2] As recounted by the Appellate Division:

---

[1] Re refers to the exhibits to Respondent's Answer, Docket Entries 24 and 25.

[2] 1T = Trial Transcript dated March 14, 2000; Re 20.
   2T = Trial Transcript dated March 15, 2000; Re 21-22.
   3T = Trial Transcript dated March 16, 2000; Re 23.
   4T = Trial Transcript dated March 20, 2000; Re 24.

Newton, Burke and Elam testified as witnesses for the
State. Each were incarcerated at the time, and each
testified in jail garb. According to defendant, each
were also wearing leg shackles. No objection was made to
their testimony or the prison garb.

In his opening statement, the prosecutor represented
that these witnesses were defendant's "friends":

> I suggest to you that if anyone tries to tell
> you that these witnesses are bad people and
> you shouldn't believe them because they're bad
> people, well, these people were his friends,
> his associates. These are the people that he
> knew. These are the people that were with him
> so that they know that this happened. He
> selected them, the State didn't, he chose
> them. These were the people he was around when
> he committed this act.

Defense counsel did not object to this characterization.
In his opening statement, defense counsel argued that
"you'll see that other people had as much or more motive
to do this act that the [p]rosecutor has [ascribed] to
my client."

*Miller*, No. A-6015-08, 2011 WL 5299607, at *4 (alterations in
original). The jury ultimately convicted Petitioner of Counts
Two and Three and on Count One's lesser-included offense of
first-degree aggravated manslaughter. *Miller*, No. A-5279-99,
slip op. at 2. He was acquitted of Count Four. *Id.* He pled

---

5T = Trial Transcript dated March 21, 2000; Re 25.
6T = Trial Transcript dated March 22, 2000; Re 26.
7T = Trial Transcript dated March 23, 2000; Re 27.
8T = Sentencing Transcript dated April 14, 2000; Re 28.
9T = First PCR Hearing Transcript dated December 3, 2004; Re
29.
10T = Second PCR Hearing Transcript dated January 19, 2009; Re
30.

guilty to two separate pending indictments charging him with third-degree CDS possession, N.J. STAT. ANN. § 2C:35-10(a), and third-degree terroristic threats, N.J. STAT. ANN. § 2C:12-3(a). *Id.* Sentencing took place on April 14, 2000. 8T. At that time, the trial court imposed an extended term on the aggravated manslaughter charge, resulting in a life sentence, and an 85% parole disqualifier pursuant to New Jersey's No Early Release Act ("NERA"). *Miller*, No. A-5279-99, slip op. at 2-3.

Petitioner filed a direct appeal challenging his conviction and sentence. Petitioner's Appellate Brief, Re 1. The court affirmed the convictions and sentence but remanded for further proceedings regarding the NERA parole disqualifier. *Miller*, No. A-5279-99, slip op. at 4. On remand, the trial court reduced the period of parole ineligibility to twenty-five years, six months. *State v. Miller*, No. A-3430-04, 2006 WL 1085795, at *1 (N.J. Super. Ct. App. Div. Apr. 26, 2006); Re 11. Petitioner sought review from the New Jersey Supreme Court, but the court denied certification on June 19, 2002. Order Denying Certification - Direct Appeal, Re 6.

Petitioner thereafter filed a timely PCR petition in September 2002. Re 7 at 79-85. His pro se submission raised two points:

I. Petitioner was denied effective assistance of trial counsel in violation of both the United States Constitution and the New Jersey State Constitution.

5

> II.   Petitioner was denied effective assistance of appellate counsel in violation of United States Constitution and the Constitution of State of New Jersey.

*Id.* at 84. Appointed PCR counsel supplemented the petition, arguing appellate counsel erred by failing to raise the issue of prosecutorial misconduct on direct appeal and failing to communicate with Petitioner during the appeal. *Id.* at 68-72. PCR counsel also argued trial counsel failed to preserve a videotape allegedly containing exculpatory evidence and failed to present witnesses on Petitioner's behalf. *Id.* at 73-76. An affidavit submitted by Petitioner added an allegation that trial counsel had not fully explained his right to testify at trial. *Id.* at 77 ¶ 1.[3]

Oral argument on the motion was held on December 3, 2004. 9T. The PCR court determined Petitioner had not established a prima facie case of ineffective assistance of trial and appellate counsel and, with the exception of the issue of Petitioner's right to testify, denied the petition without an evidentiary hearing.[4] The court reserved on the issue of

---

[3] The affidavit was originally submitted unsigned as it was pending Petitioner's signature. PCR counsel later submitted an amended affidavit after Petitioner requested changes be made. State's First PCR Appeal Reply Brief, Re 8 at 98-101; *see also State v. Miller*, No. A-3430-04, 2006 WL 1085795, at *3 (N.J. Super. Ct. App. Div. Apr. 26, 2006).

[4] Petitioner attempted to raise a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), during the hearing, 9T4:6-22,

Petitioner's failure to testify pending submission and review of the portion of the trial transcript reflecting the colloquy between the trial court and Petitioner. Upon receiving and reviewing the transcript, the PCR court denied the petition on January 6, 2005. Re 7 at 87-95.

Petitioner raised two arguments in his appeal to the Appellate Division:

> I.   The lower court should have held a full evidentiary hearing on the Defendant's claim of the ineffective assistance of appellate counsel because the defendant presented a prima facie case that the appellate counsel failed to communicate with the defendant, which resulted in a deficient appeal and the lack of a pro se appeal brief.

> II.  The Defendant's post conviction attorney denied the Defendant his right to the effective assistance of counsel by failing to fashion effective arguments, failing to amend the Defendant's affidavit and by displaying little familiarity with the Defendant's post conviction claims. (Not Raised Below).

*Miller*, No. A-3430-04, 2006 WL 1085795, at *1. Petitioner submitted a supplemental pro se brief expanding on his argument that PCR counsel misrepresented his argument regarding the right to testify question to the PCR Court. Re 9. The Appellate Division found no ineffective assistance on the part of appellate or PCR counsel and affirmed the findings of the PCR Court. *See generally Miller*, No. A-3430-04, 2006 WL 1085795. The

---

but the PCR court did not rule on the merits as cases applying *Blakely* were pending before the New Jersey Supreme Court. *See* 9T14:7 to 16:9; 19:21-24. *See also* Re 7 at 87-95.

7

Supreme Court denied certification on July 6, 2006. *State v. Miller*, 902 A.2d 1236 (N.J. 2006); Re 13.

Petitioner thereafter filed a petition for writ of habeas corpus on November 19, 2006. The petition as filed did not state a claim for relief but merely discussed the exhaustion and procedural default doctrines and requested the Court read the petition liberally. *See* Petition, Docket Entry 1. The Court issued a Notice and Order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on January 8, 2007. Petitioner responded to the order on May 30, 2007 by requesting a stay and abeyance as he had "issues to present in state court that [he] must exhaust." *Mason* Response, Docket Entry 3. After soliciting the State's position and receiving an amended petition setting forth the arguments Petitioner wanted to exhaust, the Court granted the motion for the stay on February 21, 2008. Order Granting Stay, Docket Entry 14.

Petitioner filed a second PCR petition in the state courts arguing that the fact that several of the State's witnesses had testified while wearing prison clothing and shackles violated his due process and fair trial rights, and that his trial, appellate, and first PCR attorneys were ineffective for failing to raise the issue. Re 14 at 104-20. He also reasserted his *Blakely* claim in light of the New Jersey Supreme Court's decision in *State v. Natale*, 878 A.2d 724 (N.J. 2005). *Id.* at

8

149-50. The PCR Court determined that the second PCR was barred under state law as Petitioner had not shown excusable neglect for failing to raise his claims regarding the witnesses' clothing within five years of the judgment and that it would not be in the interest of justice to relax the time bar. 10T7:6-23. In spite of holding the time bar applied, the PCR court addressed the merits of the petition "in the interest of – of a comprehensive resolution of the issues . . . ." 10T7:23 to 8:1-2. It reserved its decision on the *Blakely/Natale* issue and asked the parties for supplemental briefing. 10T14:16 to 15:8. On February 5, 2009, the court issued a written decision denying the *Blakely/Natale* claim. Re 14 at 173-75. Petitioner appealed, and the Appellate Division concluded that the second PCR was barred under New Jersey Court Rule 3:22-4(b)(1) and should be dismissed on that basis. *State v. Miller*, No. A-6015-08T4, 2011 WL 5299607, at *7 (N.J. Super. Ct. App. Div. Nov. 7, 2011). The Supreme Court denied certification on May 3, 2012. *State v. Miller*, 42 A.3d 890 (N.J. 2012).

After completing his return to the state courts, Petitioner moved to reopen his habeas proceedings on June 7, 2012. The Court granted the motion and directed Petitioner to file a second amended petition containing all of the grounds he wished the Court to consider. The Second Amended Petition was filed on September 20, 2013, Docket Entry 21, and Respondent's answer was

filed on February 28, 2014, Docket Entries 24 and 25. Petitioner

submitted a traverse on May 5, 2014. Docket Entry 27.

Petitioner raises the following grounds in his second

amended petition for this Court's review:

I.      Counsel did not act expeditiously to preserve a
        videotape.

II.     Counsel did not speak with or present character
        witnesses.

III.    Petitioner had a right to have the witnesses who
        testified in his matter testify without shackles
        and jail clothing.

IV.     The lower court should have held a full evidentiary
        hearing on the Defendant's claim of the ineffective
        assistance of appellate counsel because the
        Defendant presented a prima facie case that the
        appellate counsel failed to communicate with the
        Defendant. Which resulted in a deficient appeal [on
        jail clothing issue] and the lack of a pro se brief.

V.      No jury charge was given regarding the witness'
        appearance at trial. Trial Counsel's failure to
        request such a charge, Appellate Counsel's failure
        to raise the issue and prior PCR Counsel's failure
        to raise to previously raise [sic] this issue all
        constitute the ineffective assistance of counsel.

VI.     Defendant was denied his Sixth Amendment
        constitutional right to trial by jury and
        Fourteenth Amendment Due Process right because his
        sentence violates the dictates of State v. Natale
        and Blakely v. Washington. U.S. Const. amend. VI,
        XIV; N.J. Const. (1947) Art. I, Pars. 8, 9, 10, 11.

[VII].[5] The order denying post-conviction relief should be
        reversed and the remanded [sic] for a full
        evidentiary hearing because the Defendant made a
        [prima] facie showing that trial counsel's failure

---

[5] The Court has renumbered the points as the petition repeats
numeral VI.

> to object to State's witnesses Keith Burke, Theresa Newton, and Jean Renee Elam testifying in court in leg shackles and wearing prison garb, and the trial courts failure to take any ameliorative action, violated the Defendant's Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment Due Process right to a fair trial.

> [VIII]. The order denying post-conviction relief should be reversed and the matter remanded for resentencing because the sentence imposed on the Defendant's conviction for aggravated manslaughter on Count One was unlawful.

> [IX].   Prior Counsel were ineffective for failing to raise these issues any prior proceedings
> > (A) Trial Counsel
> > (B) Appellate Counsel
> > (C) Prior PCR Counsel

Second Amended Petition. Respondent argues the claims raised in the second PCR petition are procedurally defaulted and the other claims are unexhausted.

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas custody on behalf of a person in state custody, pursuant to the judgment of a state court, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "[A] state-court decision is an unreasonable application of clearly established [Supreme Court] precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." *White v. Woodall*, 134 S. Ct. 1697, 1706, *reh'g denied*, 134 S. Ct. 2835 (2014). The Court must presume that the state court's factual findings are correct unless Petitioner has rebutted the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

### A. Procedural Default

Respondent argues the claims raised in Petitioner's second PCR should be dismissed as time-barred. Petitioner did not address this argument in his traverse. The Court finds that Petitioner has procedurally defaulted on the claims regarding the witnesses' clothing at trial, presented as Grounds III, IV,[6] V, and VII, as they were dismissed as time-barred under state law. *State v. Miller*, No. A-6015-08, 2011 WL 5299607, at *7 (N.J. Super. Ct. App. Div. Nov. 7, 2011). Ground IX is procedurally defaulted insofar as it alleges trial counsel and appellate counsel were ineffective for failing to raise the issue.[7]

"Procedural default occurs when a state court determines that 'the prisoner . . . failed to meet a state procedural

---

[6] Although Petitioner raised a similarly-worded claim on direct appeal, the factual portion of the Second Amended Petition makes clear that Petitioner is only asking this Court to review appellate counsel's alleged failure to communicate with him regarding the jail clothing claim. *See* Second Amended Petition at 20-21.

[7] To the extent Petitioner argues his first PCR counsel was ineffective for failing to raise the jail clothing argument in the first PCR proceedings, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Accordingly, any alleged ineffectiveness of PCR counsel is not redressable under § 2254, and this portion of this ground must be dismissed.

requirement.'" *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 540 (3d Cir. 2014) (quoting *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). If the state court decision "involving a federal question . . . is based on a rule of state law that is independent of the federal question and adequate to support the judgment[,]" *Fahy v. Horn*, 516 F.3d 169, 187 (3d Cir. 2008) (citing *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007)), federal courts may not review the merits of the claim unless "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (quoting *Lines v. Larkin*, 208 F.3d 153, 159-60 (3d Cir. 2000)).

Here, the Appellate Division concluded Petitioner's second PCR was barred by Rule 3:22-4. *State v. Miller*, No. A-6015-08, 2011 WL 5299607, at *7 (N.J. Super. Ct. App. Div. Nov. 7, 2011). Rule 3:22-4 states in relevant part that a second or subsequent PCR petition "shall be dismissed unless . . . it is timely under R. 3:22-12(a)(2)." N.J. Ct. R. 3:22-4(b)(1). The Appellate Division analyzed the claims under all three factors of Rule 3:22-12 and determined the second PCR was untimely under all of them. *Miller*, 2011 WL 5299607, at *5-7. Thus, "the last state court rendering a judgment in the case 'clearly and expressly' state[d] that its judgment rest[ed] on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v.*

14

*Mississippi*, 472 U.S. 320, 327 (1985)). Petitioner has therefore procedurally defaulted on his prison garb claims. Thus, the Court may only review the merits of the claims if Petitioner can demonstrate cause and prejudice or a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991).

In spite of previously demonstrating his familiarity with the procedural default doctrine, *see* Petition, Docket Entry 1 at 2-3, Petitioner did not address Respondent's argument in his traverse beyond asserting "the PCR Court addressed his issues and was not procedurally barred." Traverse at 13. As Petitioner has not established either cause and prejudice or a fundamental miscarriage of justice to excuse the default, the Court cannot consider the merits of these arguments. *See McCandless v. Vaughn*, 172 F.3d 255, 263 (3d Cir. 1999) (noting court was not free to consider merits of procedurally defaulted arguments when petitioner did not argue cause and prejudice or miscarriage of justice exceptions). Grounds III, IV, V, VII, and IX are dismissed as procedurally defaulted.

**B. Exhaustion**

Respondent argues that Grounds I and II should be dismissed as Petitioner has failed to exhaust his state court remedies on those claims. "A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been

exhausted. The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless*, 172 F.3d at 261. Petitioner failed to fairly present to the New Jersey Supreme Court his arguments that trial counsel was ineffective for failing to preserve a videotape and failing to speak with or present character witnesses; they are therefore unexhausted.

Both of these claims were raised in his first PCR petition and arguably raised before the Appellate Division.[8] In his petition for certification, however, Petitioner only raised two grounds for the state Supreme Court's consideration:

    I.    Whether the lower court should have held a full evidentiary hearing on the Defendant's claim of the ineffective assistance of appellate counsel because the Defendant presented a prima facie case that the

---

[8] Respondent correctly notes that the only claims explicitly raised before the Appellate Division were claims of *PCR counsel's* ineffectiveness, not trial counsel's. *See State v. Miller*, No. A-3430-04, 2006 WL 1085795, at *1 (N.J. Super. Ct. App. Div. Apr. 26, 2006). The Court need not determine whether the trial counsel claims were properly presented to the Appellate Division as it is undeniable that they were not presented to the New Jersey Supreme Court.

appellate counsel failed to communicate with the Defendant, which resulted in a deficient appeal and the lack of a pro se appeal brief.

II.   Whether the Defendant's post conviction attorney denied the Defendant his right to the effective assistance of counsel by failing to fashion effective arguments, failing to amend the Defendant's affidavit and by displaying little familiarity with the Defendant's post conviction claims.

Petition for Certification, Re 11 at 3. Petitioner argued in the brief that "[t]he Appellate Court's reasoning was misplaced because the Petitioner's argument under Point II was not that Petitioner made a prima facie case on the right to testify matter, but that the PCR attorney's performance was ineffective, causing the failure to make a prima facie case." *Id.* It is clear that Petitioner only asked the state Supreme Court to decide whether PCR counsel effectively represented him during his first PCR proceedings, not whether trial counsel was ineffective. Moreover, the petition only referenced trial counsel's alleged failure to properly advise Petitioner on his right to testify, not his alleged failure to secure the videotape or call witnesses at trial. *Id.* Therefore, these claims have not been fairly presented to each level of the New Jersey state courts.

As Petitioner did not exhaust these claims and he cannot return to the state courts to exhaust them now,[9] "the exhaustion

_____

[9] *See* N.J. Ct. R. 3:22-4, 3:22-5.

requirement is satisfied because there is an absence of available State corrective process." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (internal citations and quotation marks omitted). "Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner 'establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.'" *Id.* (quoting *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)).

Petitioner has not established cause and prejudice or that a miscarriage of justice will result absent a determination of the merits. His traverse does not address either requirement and only asserts that he exhausted both claims. Traverse at 3. Having found that he has not exhausted the claims, and Petitioner not having established cause and prejudice or a miscarriage of justice, the Court therefore cannot consider the merits of these arguments. Grounds I and II are dismissed as procedurally defaulted.

## C. *Blakely v. Washington*

In Grounds VI and VIII, Petitioner argues his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). Respondent argued Petitioner also procedurally defaulted on this claim,

18

however it is not clear that the Appellate Division found it to be barred under state law. In denying Petitioner's second PCR appeal, the Appellate Division only discussed the claims relating to the witnesses' clothing as being time-barred. *See State v. Miller*, No. A-6015-08T4, 2011 WL 5299607, at *5-7 (N.J. Super. Ct. App. Div. Nov. 7, 2011). All other raised claims were determined to be without merit. *Id.* at *7. The Court therefore considers the state courts to have ruled on the merits of this claim.[10]

In *Blakely*, the Supreme Court held that the sentencing of a defendant to more than the statutory maximum based on a judge's finding of deliberate cruelty violated the Sixth Amendment as that fact was not submitted to a jury and proved beyond a reasonable doubt. Petitioner argues the life sentence imposed violates *Blakely* because the sentencing court applied aggravating factors not found by a jury. Relying on *Natale*,[11] he asserts that he is entitled to "pipeline retroactivity" as he attempted to raise this argument in his first PCR proceeding.

---

[10] Respondent did not file a copy of Petitioner's petition for certification for his second PCR petition on the electronic docket. The Court therefore presumes Petitioner presented this argument to the New Jersey Supreme Court.

[11] In *State v. Natale*, the New Jersey Supreme Court abolished presumptive terms in order to comply with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and applied its decision to "to defendants with cases on direct appeal as of the date of this decision and to those defendants who raised *Blakely* claims at trial or on direct appeal." 878 A.2d 724, 745 (N.J. 2005).

Petitioner was sentenced on April 14, 2000. 8T. Direct review ended on September 19, 2002, 90 days after the New Jersey Supreme Court denied certification on his direct appeal. The fact that his direct appeal was pending at the time *Apprendi* was decided does not entitle him to relief under *Blakely*.[12] As Petitioner's direct appeal had concluded by the time *Blakely* was decided in 2004, he was not in the "pipeline" for retroactivity purposes. Moreover, the United States Supreme Court has not made *Blakely* retroactive to cases on collateral review. *See Yuzary v. Samuels*, 269 F. App'x 200, 201 (3d Cir. 2008). Therefore, Petitioner is not entitled to federal habeas relief on this ground.

**D. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by

---

[12] Petitioner also would not be entitled to relief under *Apprendi*. "[T]he *Apprendi* line of cases only require additional findings of fact by a jury where the sentence imposed exceeds the statutory maximum." *Burns v. Warren*, No. 13-1929, 2016 WL 1117946, at *44 (D.N.J. Mar. 22, 2016). Petitioner was not sentenced beyond the statutory maximum for first-degree aggravated manslaughter. *See* N.J.S.A. 2C:43-7(a)(1); *State v. Miller*, No. A-5279-99, slip op. at 11 (N.J. Sup. Ct. App. Div. Mar. 27, 2002). Therefore, *Apprendi* does not apply to his sentence.

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons expressed above, Petitioner has failed to make a substantial showing that he was denied a constitutional right. As jurists of reason could not disagree with this Court's resolution of his claims, either on the merits or on procedural grounds, the Court shall deny Petitioner a certificate of appealability.

**V.   CONCLUSION**

For the reasons stated above, the second amended petition is denied. A certificate of appealability shall not issue. An accompanying Order will be entered.


**September 8, 2016**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge