IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN MILLER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RONALD CATHEL, et al.,<br><br>　　　　　　Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-6116 (JBS)<br><br>**OPINION** |

APPEARANCES:

Warren Miller, Petitioner pro se
408547/48971B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

　　　This Court denied Petitioner Warren Miller's second amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, on September 9, 2016. Opinion and Order, Docket Entries 30-31. Petitioner filed a "Motion to file an out of time Certificate of Appealability" on February 7, 2017. Motion, Docket Entry 32. Respondent Ronald Cathel has not filed opposition to the motion. For the reasons stated herein, the motion is denied.

**II.   BACKGROUND**

Petitioner filed a petition for writ of habeas corpus on November 19, 2006 challenging his convictions for aggravated manslaughter, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. The Court stayed the petition on February 21, 2008 after Petitioner requested permission to return to the New Jersey state courts to exhaust other claims. Petitioner moved to reopen his habeas proceedings on June 7, 2012, and the Court granted the motion and directed Petitioner to file a second amended petition containing all of the grounds he wished the Court to consider. The Second Amended Petition was filed on September 20, 2013, Docket Entry 21, and Respondent's answer was filed on February 28, 2014, Docket Entries 24 and 25. Petitioner submitted a traverse on May 5, 2014. Docket Entry 27. The Court concluded Petitioner's claims were either procedurally defaulted or meritless and denied the petition on September 9, 2016. The Court denied a certificate of appealability.

On February 7, 2017, Petitioner filed a motion titled "Motion to file an out of time Certificate of Appealability" and a notice of appeal.[1] He states he "failed to file a timely notice of appeal as he believed that the District Court's order

---

[1] *See Miller v. Administrator New Jersey State Prison*, No. 17-1304 (3d Cir. filed Feb. 7, 2017).

denying/dismissing his [habeas petition] was final. In other words, he believed that he had no other course of action." Petitioner's Certification ¶ 3. He further indicates that "[i]t wasn't until [he] requested the assistance of the Prison's Legal Association (PLA) at the prison, that he learned for the first time that he could appeal the District Court's Order." *Id.* ¶ 4. He asks the Court to issue a certificate of appealability and permit him "to filed his Notice of Motion to proceed within time." *Id.* ¶ 8. The Court construes this as a motion to reopen the time in which to file an appeal pursuant to Federal Rule of Appellate Procedure 4.

**III. DISCUSSION**

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal citation and quotation marks omitted). Petitioner was required to file a notice of appeal within 30 days after this Court's Order was entered on September 9, 2016, *i.e.*, by October 11, 2016.[2] Fed. R. App. P. 4(a)(1)(A). Petitioner filed his notice of appeal on February 7, 2017, almost four months after the last day on which Petitioner could have filed a timely appeal.

---

[2] October 9, 2016 was a Sunday and October 10, 2016 was a holiday -- Columbus Day.. Fed. R. Civ. P. 6(a)(1)(C).

3

This Court may extend the time to appeal if Petitioner can show good cause or excusable neglect for failing to file a timely appeal. However, the Court may only do so if the motion is made no later than 30 days after the normal appeal period. Fed. R. App. P. 4(a)(5)(i)-(ii). Here, Petitioner did not file this motion within the additional 30 day period. This Court therefore lacks the authority to extend the time to appeal under Rule 4(a)(5).

This Court also cannot reopen the time to appeal under Rule 4(a)(6). Under that provision, the Court may reopen the time to appeal for 14 days if no party would be prejudiced, the motion to reopen is filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and the Court "finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A)-(C). Petitioner does not certify in his motion that he did not receive notice of this Court's order of dismissal within 21 days after entry. Instead, he states that he was merely unaware of his ability to appeal the Court's decision until he consulted with the PLA. Petitioner's Certification ¶¶ 3-4. Congress specifically limited district courts' ability to

4

reopen the time for appeals, 28 U.S.C. § 2107(c), and Petitioner has not met the requirements of that statute. The Court therefore cannot reopen the time for appeal, and Petitioner's motion is therefore denied.

To the extent Petitioner requests a certificate of appealability, that request is also denied. This Court denied a certificate of appealability in its September 9 2016 Order and Opinion, and there is no reason to reconsider that decision. The present motion to reopen time to appeal presents a question determined by clearly established statutory law governing the time to appeal, the outcome of which is determined by the calendar and is not reasonably subject to debate.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion to reopen the time to appeal and for a certificate of appealability is denied. An accompanying Order will be entered.

| | |
|---|---|
| **February 28, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

5